JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Nicole Drey Huerter, SBN: 250235
        E-mail: ndrey@johnsonpham.com
Hung Q. Pham, SBN: 276613
        Email: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN CERVANTES, an Individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-08972<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)]; and**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200]**<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1  COMES NOW, Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW
2  NA"), and BAYERISCHE MOTOREN WERKE AG ("BMW AG") (collectively
3  "Plaintiffs"), do hereby file their Complaint for Damages and Declaratory Relief
4  ("Complaint") against Defendant STEPHEN CERVANTES, and Does 1-10,
5  inclusive (collectively "Defendants").

## PARTIES

7  1.  Plaintiff BMW NA is now, and was at the time of the filing of this
8  Complaint and at all intervening times, a Delaware limited liability company having
9  its principal place of business in Woodcliff Lake, New Jersey. BMW NA's
10 Technology Office, Western Region Office, Group Representative Office,
11 Engineering and Emission Test Center, and Training Center are all located in
12 California. Additionally, one of BMW NA's four Vehicle Distribution Centers and
13 two of its six Parts Distribution Centers are located in California. BMW NA also
14 has more than fifty (50) dealerships throughout the state of California. BMW NA
15 is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware
16 corporation. BMW (US) Holding Corporation is an indirectly wholly-owned
17 subsidiary of BMW AG.

18 2.  Plaintiff BMW AG is now, and was at the time of the filing of this
19 Complaint and at all intervening times, a German corporation organized under the
20 laws of the Federal Republic of Germany with its principal place of business located
21 in Munich, Germany.

22 3.  Plaintiffs are informed and believe that Defendant STEPHEN
23 CERVANTES (hereinafter "CERVANTES") is now, and was at all times relevant
24 to this Complaint, an individual doing business as Orange Supply Co.;
25 OrangeSupplyCo; C&L; eBay IDs "orangesupplyco," "carpitc-0," "destrokid-1,"
26 "ephrorosa_0," "cheapskate2015," and "donaloste-3"; and bonanza.com ID
27 "Carpitc_0," among potentially others. Plaintiffs are further informed and believe
28 that Defendant CERVANTES conducts business and resides in Pomona, California.

- 2 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

3.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein named as Does 1-10, inclusive, are unknown to Plaintiffs.  Plaintiffs therefore sue said Doe defendants by such fictitious names.  When the true names and capacities of said Doe defendants have been ascertained, Plaintiffs will amend this pleading accordingly.

4.     Plaintiffs further allege that Defendants CERVANTES and Does 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

5.     Plaintiffs are informed and believe and thereon allege that at all times mentioned herein Defendant CERVANTES, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION / VENUE

6.     This Court has jurisdiction over the subject matter of the First, Second, and Third Causes of Action (violations of the *Lanham Act*) pursuant to 15 U.S.C. § 1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

7.     This Court has personal jurisdiction over Defendants as Defendants reside within this judicial district and conduct business from a principal place of business within this jurisdiction. Defendants have committed the tortious activities of trademark infringement and unfair competition in this district.  Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice.  Among other things, Defendants have advertised, offered to sell, sold, and distributed products that infringe the trademarks of Plaintiffs to consumers from this judicial district for Defendants' own commercial gain and have exploited California's extensive marketplace, wherein Plaintiffs maintain substantial business

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1   contacts and financial interests.

2       8.      Additionally, supplemental jurisdiction exists over Defendants

3   because, on information and belief, Defendants conduct business in California and

4   in this judicial district, have purposefully directed action to California and this

5   district, or have otherwise availed themselves of the privileges and protections of

6   the laws of the State of California, such that this Court's assertion of jurisdiction

7   over Defendants does not offend traditional notions of fair play and due process.

8       9.      Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. §

9   1391(b) because, on information and belief, a substantial part of the events or

10  omissions giving rise to these claims occurred in this judicial district, and has

11  caused damage to Plaintiffs in this district.

12                      **GENERAL ALLEGATIONS**

13          **Plaintiffs and their Well-Known BMW® Brand and Products**

14      10.     Plaintiffs are in the business of designing, manufacturing, and/or

15  distributing motor vehicles, wheels, parts, seat belt buckle clips, floor mats, anti-

16  slip mats, mileage readers, DVD compact disc players, watches, clothing, MP3

17  players, PC port hubs, lighters, ash trays, USB flash memory drives, key-chains,

18  pocket wallets, phone cases, car stickers and badges, car key cases, car key bags,

19  driving license cases, brake pedal covers, storage basins, and a variety of other

20  products under various trademarks, including but not limited to the BMW® marks.

21  Plaintiffs' BMW®-branded products and marks have achieved great success since

22  their introduction at least as of 1955 and 1987, respectively.

23      11.     Plaintiffs' motor vehicles and related products have earned a

24  reputation for innovation, quality and performance.  Plaintiffs have spent substantial

25  time, money and effort in developing consumer recognition and awareness of their

26  BMW® marks and products.  Plaintiffs have spent an enormous amount of money

27  on print and Internet advertising in order to inform consumers of the benefits of

28  Plaintiffs' products and services.

- 4 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

12.     Through the extensive use of Plaintiffs' marks, Plaintiffs have built up and developed significant goodwill in their entire product line.  A wide array of newspapers, magazines and television networks have included advertising of Plaintiffs' products, which are immediately identified by Plaintiffs' BMW® marks.

13.     As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the high degree of promotion and the quality and popularity of the BMW® motor vehicles, the BMW® marks have been prominently placed in the minds of the public.  Consumers, purchasers and the members of the public have become familiar with Plaintiffs' intellectual property and products, and have come to recognize the BMW® marks and products and associate them exclusively with Plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such association.  Indeed, the BMW® marks are famous in the United States and around the world.

## Plaintiffs' Registered Trademarks

14.     While Plaintiffs have gained significant common law trademark and other rights in their BMW® products and services through their use, advertising and promotion, Plaintiffs have also protected their valuable rights by filing for and obtaining numerous federal trademark registrations.  This includes registrations for the following non-exhaustive list of Plaintiffs' trademarks registered with the United States Patent and Trademark Office ("USPTO"):

i.     USPTO Reg. No.: 0,611,710, registered September 6, 1955;

**BMW**

ii.     USPTO Reg. No.: 5,333,863, registered November 14, 2017;

BMW

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

iii.   USPTO Reg. No.: 0,613,465, registered October 4, 1955;



iv.   USPTO Reg. No.: 1,450,212, registered August 4, 1987;



v.   USPTO Reg. No.: 4,293,991, registered February 26, 2013;



vi.   USPTO Reg. No.: 5,333,899, registered November 14, 2017;



**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

vii.    USPTO Reg. No.: 5,333,900, registered November 14, 2017;



viii.   USPTO Reg. No.: 1,438,545, registered August 5, 1987;



ix.    USPTO Reg. No.: 3,526,899, registered November 4, 2008;



x.    USPTO Reg. No.: 3,767,662, registered March 30, 2010; and



xi.    USPTO Reg. No.: 3,767,663, registered March 30, 2010 (collectively "BMW® Trademarks").

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

15.    Plaintiffs have never authorized or consented to Defendants' use of the BMW® Trademarks, or any confusingly similar marks by Defendants.   Also, Plaintiffs have never authorized Defendants to copy, manufacture, import, market, sell, or distribute any BMW® products.

### Defendants' Wrongful and Infringing Conduct

16.    Particularly in light of the success of Plaintiffs' products, as well as the outstanding reputation they have gained, Plaintiffs and its products have become targets for unscrupulous individuals and entities who wish to take a "free ride" on the goodwill, reputation and fame Plaintiffs has spent considerable effort and resources to build up in their products and marks.

17.    A large number of these individuals and entities deal in pirated and counterfeit products featuring Plaintiffs' Trademarks.   Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, offering for sale, selling, and distributing counterfeit and otherwise unauthorized products.

18.    Plaintiffs are informed and believe that Defendants have individually and collectively purchased, imported, acquired, offered for sale, sold, and/or otherwise dealt in counterfeit automobile parts and accessories that infringe upon Plaintiffs' Trademarks.

19.    Defendants use, amongst other things, the Internet auction website located at eBay.com ("eBay"), owned and operated by eBay, Inc., to advertise, offer for sale, sell and distribute counterfeit products featuring Plaintiffs' Trademarks to consumers.   Defendants have used a number of account IDs and aliases on eBay.com, including but not limited to Orange Supply Co.; OrangeSupplyCo; C&L; and eBay IDs "orangesupplyco," "carpitc-0," "destrokid-1," "ephrorosa_0," "cheapskate2015," and "donaloste-3," among potentially others.

20.    Plaintiffs are also informed and believe that Defendants use the Internet ecommerce marketplace website located at bonanza.com, owned and

operated by Bonanza.com, Inc., using the ID "Carpitc_0" to advertise, offer for sale, sell, and distribute counterfeit products featuring Plaintiffs' Trademarks to consumers

21. Additionally, Defendants' online commercial transactions are accomplished through the payment processing service located at PayPal.com ("PayPal"), which is provided by PayPal, Inc.  Using PayPal, purchasers of products can transfer funds to sellers, electronically and online, from any PayPal account to any other PayPal account.  Defendants have used a number of PayPal accounts and email addresses, including but not limited to, Victorywerkz@Gmail.com, pitchyking@gmail.com, and heatxxxguns@yahoo.com.

22. Both eBay, Inc. and PayPal, Inc. are headquartered in California.  In order for sellers, including Defendants, to make use of eBay and/or PayPal's services, users must agree to terms and conditions set forth in eBay and PayPal's User Agreements, as well as pay various fees associated with any listing or transaction accomplished through eBay and PayPal's services.

23. Beginning on a date that is currently unknown to Plaintiffs and continuing to the present, Defendants have, without the consent of Plaintiffs, offered to sell and sold within the United States (including within this judicial district) goods that were neither made by Plaintiffs nor by a manufacturer authorized by Plaintiffs (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of the BMW® Trademarks.

24. On information and belief, Plaintiffs further alleges that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

25. On June 1, 2017, in its ongoing investigation of counterfeit sales of BMW®-branded products, Plaintiffs' investigator purchased the item "2 Pack

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

BMW Roundel Black Carbon 82MM OEM SIZE HOOD ORNAMENT EMBLEM BADGE 2 PIN" – from eBay seller "orangesupplyco" for $18.99.  Payment was made through PayPal to "OrangeSupplyCo" with an email address Victorywerkz@Gmail.com.

26.    On or around June 7, 2017, Plaintiffs' investigator received a package pursuant to the June 1, 2017, order from "orangesupplyco" with a return address of "OrangeSupplyCo, 2109 W Orange Grove Ave, Pomona, CA 91768."  The package contained two black carbon fiber BMW roundel emblems featuring Plaintiffs' trademarks.  The BMW roundel emblems were inspected to determine authenticity and were determined to be counterfeits.

27.    On or about June 30, 2017, Plaintiffs sent a cease and desist correspondence to Defendants via certified mail and received a signed return receipt. Plaintiffs then sent follow-up communications via email on July 25, 2017, and August 7, 2017.  Despite this, Defendants continued to sell counterfeit products featuring the BMW® Trademarks.

28.    On August 18, 2017, in its ongoing investigation of counterfeit sales of BMW®-branded products, Plaintiffs' investigator purchased the item "2Pk BMW EMBLEM 82MM Black Carbon Fiber HOOD ORNAMENT BADGE E46 E60 E92 2 PIN" – from eBay seller "carpitc-0" for $18.99.  Payment was made through PayPal to "OrangeSupplyCo" with an email address Victorywerkz@Gmail.com.

29.    On or around August 21, 2017, Plaintiffs' investigator received a package pursuant to the August 18, 2017, order from "carpitc-0" with a return address of "OrangeSupplyCo, 2109 W Orange Grove Ave, Pomona, CA 91768." The package contained two black carbon fiber BMW roundel emblems featuring Plaintiffs' trademarks.  The BMW roundel emblems were inspected to determine authenticity and were determined to be counterfeits.

/ / /

30.    On or about October 4, 2017, Plaintiffs sent another cease and desist via certified mail to Defendant, relating to the August 18, 2017, purchase from an alternate seller ID. Plaintiffs sent follow-up communications via email on October 20, 2017, and November 13, 2017, but Defendants continued to sell counterfeit products featuring Plaintiffs' BMW® Trademarks.

31.    On October 3, 2017, in its ongoing investigation of counterfeit sales of BMW®-branded products, Plaintiffs' investigator purchased the item "BMW EMBLEM 82MM HOOD TRUNK ORNAMENT BADGE ROUNDEL REPLACEMENT E46 E60 E92" – from eBay seller "destrokid-1" for $8.99. Payment was made through PayPal to "carpitc-0" with an email address pitchyking@gmail.com.

32.    On or around October 9, 2017, Plaintiffs' investigator received a package pursuant to the October 3, 2017, order from "destrokid-1" with a return address of "Shipping Dpt., Shipping Dpt., 2109 W Orange Grove Ave, Pomona, CA 91768." The package contained a BMW roundel emblem featuring Plaintiffs' trademarks. The BMW roundel emblem was inspected to determine authenticity and was determined to be counterfeit.

33.    On October 14, 2017, in its ongoing investigation of counterfeit sales of BMW®-branded products, Plaintiffs' investigator purchased the item 2 Pack BMW Roundel 82MM OEM SIZE HOOD ORNAMENT EMBLEM BADGE 2 PIN E46 E60" – from eBay seller "cheapskate2015" for $18.99. Payment was made through PayPal to Renz Miranda with an email address heatxxxguns@yahoo.com.

34.    On or around October 23, 2017, Plaintiffs' investigator received a package pursuant to the October 14, 2017, order from "cheapskate2015" with a return address of "Shipping Dpt., Shipping Dpt., 2109 W Orange Grove Ave, Pomona, CA 91768." The package contained two BMW roundel emblem featuring Plaintiffs' trademarks. The BMW roundel emblems were inspected to determine authenticity and were determined to be counterfeit.

35.     On October 31, 2017, in its ongoing investigation of counterfeit sales of BMW®-branded products, Plaintiffs' investigator purchased the item "BMW Roundel Replacement EMBLEM for Hood or Trunk ORNAMENT P/N 51148132375CFBLUE" – from eBay seller "ephrorosa_0" for $8.99.  Payment was made through PayPal to "OrangeSupplyCo" with an email address Victorywerkz@gmail.com.

36.     On or around November 3, 2017, Plaintiffs' investigator received a package pursuant to the October 31, 2017, order from "ephrorosa_0" with a return address of "Shipping Dpt., Shipping Dpt., 2109 W Orange Grove Ave, Pomona, CA 91768."   The package contained a carbon fiber BMW roundel emblems featuring Plaintiffs' trademarks.  The BMW roundel emblem was inspected to determine authenticity and was determined to be counterfeit.

37.     Through such business activities, Defendants have purposefully derived benefit from their interstate commerce activities by expressly targeting foreseeable purchasers in the State of California.  But for Defendants' advertising, soliciting and selling of counterfeit products featuring Plaintiffs' Trademarks, Plaintiffs would not have been able to make purchases of the subject products from the State of California.

38.     By these sales and, on information and belief, Defendants violated and continue to violate Plaintiffs' exclusive rights to the BMW® Trademarks and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of the BMW® Trademarks to confuse consumers and aid in the promotion and sales of its unauthorized goods.

39.     Defendants' conduct and use began long after Plaintiffs' adoption and use of its BMW® Trademarks, after Plaintiffs obtained the trademark registrations alleged above, and after the BMW® Trademarks became famous.   Indeed, Defendants had knowledge of Plaintiffs' ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

with intent to cause confusion, tarnish, counterfeit and dilute Plaintiffs' marks and products.    Neither Plaintiffs nor any authorized agents have consented to Defendants' use of BMW® Trademarks in the manner complained of herein.

40.    Defendants' actions were committed in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

41.    In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiffs: (i) infringed, tarnished, diluted Plaintiffs' rights in the BMW® Trademarks; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) engaged in counterfeiting; and (vii) unfairly profited from such activity.    Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks against Defendant STEPHEN CERVANTES, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

42.    Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

43.    Plaintiffs have continuously used the BMW® Trademarks in interstate commerce.

/ / /

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

44. Plaintiffs, as the owners of all right, title and interest in and to the BMW® Trademarks, have standing to maintain an action for trademark infringement under the U.S. Trademark Statute 15 U.S.C. § 1114.

45. Defendants are and at the time of their actions complained of herein were actually aware that Plaintiffs are the registered trademark holders of the BMW® Trademarks.

46. Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owners of the BMW® Trademarks to deal in and commercially distribute, market and sell products bearing Plaintiffs' asserted marks into the stream of commerce.

47. Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiffs' asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit BMW® products bearing the BMW® Trademarks.

48. Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiffs' registered BMW® Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to emblems, labels, signs, prints, packages, wrappers, receptacles, websites and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit BMW® products bearing the BMW® Trademarks.

49. Defendants' egregious and intentional use and sale of counterfeit items bearing Plaintiffs' BMW® Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs.

50.     Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

51.     Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the BMW® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus, Plaintiffs request injunctive relief.

52.     Defendants' continued and knowing use of Plaintiffs' asserted marks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* § 1114.  Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendant STEPHEN CERVANTES, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

53.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

54.     Plaintiffs, as the owners of all common law right, title, and interest in and to the BMW® Trademarks, have standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* section 43(a) (15 U.S.C. § 1125).  Plaintiffs' asserted marks are fanciful, inherently distinctive and/or have otherwise acquired distinctiveness.

55.     Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or has made false designations of origin which are likely to

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

56.     Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

57.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

58.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiffs' asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

59.     Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.

60.     Defendants' continuing and knowing use of the BMW® Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiffs to suffer substantial and irreparable injury for which it has no adequate remedy at law.

61.     Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiffs' marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants'

wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of its BMW® products in an amount as yet unknown but to be determined at trial, and have been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiffs seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiffs three times that amount in the Court's discretion.

62. Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies as provided by the *Lanham Ac*t, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## THIRD CAUSE OF ACTION

**(Trademark Dilution against Defendant STEPHEN CERVANTES, and**

**DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(c)]**

63. Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

64. Plaintiffs' BMW® Trademarks are distinctive and famous within the meaning of the *Lanham Act*.

65. Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' asserted marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' asserted marks.  Defendants' conduct is willful, wanton and egregious.

66. Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.  The actions of Defendants complained of herein have diluted and will continue to dilute the BMW® Trademarks and other

marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs' marks, and injure the business reputation of Plaintiffs and their marks.

67.    Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm.  Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

68.    As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. section 1125(c), Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## **FOURTH CAUSE OF ACTION**

### **(Unlawful, Unfair, Fraudulent Business Practices against Defendant STEPHEN CERVANTES, and DOES 1 through 10, Inclusive)**

### **[*California Business & Professions Code* § 17200 *et seq.*]**

69.    Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

70.    By marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit BMW® products, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the *California Business and Professions Code* § 17200 *et seq.*

71.    Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit BMW® products is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiffs and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage

and injury.

72.     Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

73.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to, did and will continue to induce customers to purchase its false and counterfeit products by trading off the extensive goodwill built up by Plaintiffs' in their marks.

74.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

75.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and their actual and/or compensatory damages.

76.     Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiffs seek injunctive relief.

/ / /

77. Plaintiffs further request a court issue an order to "freeze" any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs BMW OF NORTH AMERICA, LLC, and BAYERISCHE MOTOREN WERKE AG pray for judgment against Defendant STEPHEN CERVANTES, and Does 1 through 10, inclusive, and each of them, as follows:

1. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

2. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

3. For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. § 1117(c).

4. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

5. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

6. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and Professions Code* § 17200;

/ / /

7.  For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

8.  For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

9.  For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

10.  For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118;

11.  For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. § 1117(b);

12.  For damages in an amount to be proven at trial for unjust enrichment;

13.  For an award of exemplary or punitive damages in an amount to be determined by the Court;

14.  For Plaintiffs' reasonable attorney's fees;

15.  For all costs of suit; and

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

16.   For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs BMW OF NORTH AMERICA, LLC, and BAYERISCHE MOTOREN WERKE AG respectfully demand a trial by jury in this action pursuant to Local Rule 38-1.

DATED: December ___, 2017          JOHNSON & PHAM, LLP


By: /s/ Christopher Q. Pham
Christopher Q. Pham, Esq.
Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**